Flora A. Lunger, Plaintiff in Error, *vs.* G. Gale Gilbert, Admr., *et. al.* Defendants in Error.

*Opinion filed December 17, 1913.*

Practice—*when case should be taken to the Appellate Court.* A writ of error to review a judgment of the circuit court finding against the claims of alleged heirs to the personal estate in the hands of the public administrator and ordering the administrator to pay such funds to the county treasurer should be sued out of the Appellate Court, there being no special feature of the case which would give the Supreme Court jurisdiction.

Writ of Error to the Circuit Court of Jefferson county; the Hon. William H. Green, Judge, presiding.

Robert M. Farthing, and Kirby Smith, for plaintiff in error.

Joel F. Watson, State's Attorney, and Thompson & Thompson, (Albert Watson, of counsel,) for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Charles D. Cook died intestate at Mt. Vernon, in Jefferson county, on November 15, 1906, and administration of his estate was committed to the public administrator. After the payment of all just debts and charges against the estate a balance of the personal estate, amounting to more than $6000, remained in the hands of the administrator, and he published notice, in accordance with section 49 of the Administration act, to all persons having claims against the estate to exhibit them before the county court. The plaintiff in error, Flora A. Lunger, claimed the whole estate as sole heir, and Nancy J. Sechrest and others jointly claimed the whole estate as heirs to the exclusion of the plaintiff in error. At the July term, 1910, there was a hearing and judgment against both claims, and appeals were taken to the circuit court, in which there was another hearing at the September term, 1910. Judgment was again rendered against both claims, and the administrator was ordered to pay all funds in his hands belonging to the estate to the county treasurer. Flora A. Lunger sued out a writ of error, and cross-errors have been assigned on behalf of the other claimants.

This writ should have been sued out of the Appellate Court. The case does not involve a franchise or freehold, the validity of a statute or a construction of the constitution, it does not relate to the revenue, and the State is not interested, as a party or otherwise. It is therefore not one of the cases in which a writ of error may be prosecuted directly from this court.

The cause will be transferred to the Appellate Court for the Fourth District.       *Cause transferred.*